FILED

APR 23 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ELDON HUFFINE,<br><br>           Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>           Respondents. | CV 15-02-BU-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his findings and recommendations on February 18, 2015, recommending dismissal of Petitioner Huffine's petition under 28 U.S.C. § 2254 for writ of habeas corpus. Huffine timely objected to the findings and recommendation on March 2, 2015, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the

applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Johnston's findings and recommendation in full.

Judge Johnston recommended dismissing Huffine's habeas petition as time-barred, citing the one-year limitations period for filing a petition challenging state custody contained in 28 U.S.C. § 2244(d)(1). Judge Johnston found, pursuant to 28 U.S.C. § 2244(d)(1)(A), that the one-year period should run from ninety days following the Montana Supreme Court's affirmance of Huffine's state court sentence on a felony violation of a protective order conviction, or June 29, 2010. The limitations period thus ran on June 29, 2011, and Huffine untimely filed his habeas petition on December 17, 2014. Judge Johnston further found, having reviewed Huffine's responses to his January 12, 2015 show cause order, that none of the other yardsticks for measuring the limitations period enumerated in 28 U.S.C. § 2244(d)(1)(B)-(D) apply in this case. Finally, Judge Johnston found that neither statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), nor equitable tolling, nor a colorable argument of actual innocence, relieve Huffine of the limitations period.

Upon de novo review of the record, and in full consideration of Huffine's

voluminous, rambling, repetitive, and conclusory objections, the Court agrees with Judge Johnston's analysis and adopts his findings and recommendations in full. Nothing in Huffine's objections or the approximately 150 pages of supplements and notices he has filed since Judge Johnston issued his findings and recommendations relieves Huffine of the limitations period.

Furthermore, given Huffine's failure to make a substantial showing of deprivation of a constitutional right and his clear lack of entitlement to relief from the statutory limitations period, no reasonable jurist could conclude either that this action should proceed on the merits or that it is not time-barred. Therefore, a certificate of appealability is not warranted.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 19) are ADOPTED IN FULL. Huffine's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner Huffine.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Huffine's motion for copies of his file (Doc. 26) is DENIED AS MOOT, given the Court's order as to his habeas petition.

DATED this 23rd day of April, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court