IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| ELDON HUFFINE, | Cause No. CV 15-02-BU-DLC |
|---|---|
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

Petitioner Eldon Huffine is a state prisoner proceeding pro se. On April 23, 2015, Huffine's petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed as time-barred. Order (Doc. 33); Judgment (Doc. 34). He did not appeal.

On June 29, 2015, the Court received from Huffine a thick packet of documents. Huffine accuses the undersigned as well as United States Magistrate Judge John Johnston of unconstitutional bias and of continuing to preside in this matter despite Huffine's assertions of recusal. Because the allegations appear to be the type that might, if true, support relief under Fed. R. Civ. P. 60(b), Huffine's documents were filed as a Rule 60(b) motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 533-35 (2005).

But the allegation is not true. "[E]xtreme facts" are required to create "an unconstitutional probability of bias." *Caperton v. A.T. Massey Coal Co., Inc.*, __ U.S. __, 129 S. Ct. 2252, 2265 (2009). Further, "judicial rulings alone almost never

1

constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (emphases in original).

Here, the ordinary procedures were followed. Judge Johnston explained to Huffine that his motion was likely time-barred and gave him an opportunity to avoid the time bar. *See* Order to Show Cause (Doc. 8). Huffine responded to the Order at some length, submitting 249 pages for review (Docs. 9 through 18). Nothing he said suggested he might avoid the time bar. Huffine had yet another opportunity to avoid the time-bar when he filed 147 pages of documents (Docs. 20 through 32) after issuance of the Findings and Recommendation. Again, nothing he said suggested he might avoid the time bar. This Court duly adopted the Findings and Recommendation and dismissed the case.

Although the Court consulted its own dockets and the records of the Montana Supreme Court, no extrajudicial sources were involved. Huffine identifies no "extreme facts" and no cognizable reason why this Court or Judge Johnston should not have presided in this action. The Court simply applied the law to the facts in the manner required by the law rather than in the manner demanded by Huffine. If Huffine believes his law is correct, his remedy lies in appeal, not

recusal or reconsideration.

To the extent a certificate of appealability is required and allowed, *see* 28 U.S.C. § 2253(c)(1)(A); *Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013), it is not warranted. Serious and debatable issues may well be presented by a motion seeking recusal or a Rule 60(b) motion, but not here. Huffine seeks to disqualify judges who disagree with him. *See, e.g.*, Mot. to Disqualify (Doc. 3) at 1; Order to Show Cause (Doc. 8) at 1-2, 3-4 ¶¶ 2-3. As he maintains an idiosyncratic view of the law, it is not surprising that judges disagree with him. Again, although the Court has not looked closely at the merits of Huffine's claims, they appear to be conclusory and to rely on incorrect statements of law. He has not made a substantial showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and, at any rate, there is no doubt about the procedural ruling under Rule 60(b), *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A reasonable jurist would find no basis to encourage further proceedings in this case.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Huffine's submission (Doc. 36), construed as a motion under Fed. R. Civ. P. 60(b), is DENIED.

2. To the extent it is appropriate, a certificate of appealability is DENIED. The Clerk shall immediately process the appeal if Huffine files a notice of appeal.

3. This matter is CLOSED. Absent direction from a higher court, this Court will take no action on future filings by Huffine under this case number.

DATED this 6th day of July, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court